**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 06-4991

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LARRY ANTHONY CLYBURN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (1:04-cr-00050-jpj)

_____

Submitted:  September 7, 2007      Decided:  September 18, 2007

_____

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Barry L. Proctor, Abingdon, Virginia, for Appellant. Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Anthony Clyburn appeals his sixty-month sentence following his jury conviction of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). The jury also found Clyburn guilty of six other drug-related charges. After receiving the verdict, Clyburn moved for a judgment of acquittal for possession of a firearm in relation to a drug trafficking crime. The district court granted the motion. The district court sentenced Clyburn to ninety-seven months for each of the remaining counts, to run concurrently, and to pay a $600 monetary penalty and $3,742.51 restitution.

The Government appealed the acquittal for possession of a firearm in relation to a drug trafficking crime. After examining the record, this court held the evidence was sufficient for a reasonable fact-finder to convict Clyburn on that count. See United States v. Clyburn, 181 F. App'x 343, 347-48 (4th Cir.), cert. denied, 127 S. Ct. 314 (2006). We therefore reversed the judgment of acquittal on that count and remanded the case to the district court "to reinstate the jury's verdict of guilty."

On remand, after hearing several witnesses testify on Clyburn's behalf, the district court sentenced him to an additional sixty months for possessing a firearm in relation to a drug trafficking crime, to run consecutively to the sentence that had been originally imposed on the remaining six counts of conviction.

The district court also assessed an additional $100 monetary penalty.

On appeal, Clyburn's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there were no meritorious issues for appeal, but raising for review the issues of whether the district court possessed the authority to review Clyburn's full sentence de novo and whether the district court erred by not imposing a sentence less than sixty months' imprisonment. Clyburn was advised of the right to file a pro se supplemental brief, but has not done so.

This court remanded the case to the district court only "to reinstate the jury's verdict of guilty" for Clyburn's conviction of possession of a firearm in relation to drug trafficking. Therefore, the district court was correct in concluding that the only issue on remand was to impose a sentence for the crime of possessing a firearm in relation to a drug trafficking crime. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that "the mandate of a higher court" when remanding a case defines the scope of issues before a lower court).

As for the actual sentence imposed, "judges cannot depart below a statutorily provided minimum sentence," except upon the Government's motion on the basis of substantial assistance. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005), cert. denied, 126 S. Ct. 288 (2005). A defendant convicted of possession

of a firearm in relation to a drug trafficking crime must be sentenced to at least sixty months' imprisonment, a term that cannot "run concurrently with any other term of imprisonment imposed on the person." 18 U.S.C. § 924(c)(1) (2000). The district court imposed the mandatory minimum sentence of sixty months' imprisonment, and thus did not err by declining to sentence Clyburn below the mandatory minimum penalty.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Clyburn's sentence. This court requires that counsel inform Clyburn, in writing, of the right to petition the Supreme Court of the United States for further review. If Clyburn requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clyburn.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -